# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LAURA PERRY,**

    **Plaintiff,**                                                            Case No.:

v.

**CFI RESORTS MANAGEMENT, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LAURA PERRY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant CFI RESORTS MANAGEMENT, INC. (hereinafter "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff began performing work for Defendant beginning on or about June 2016.

5. Plaintiff was employed with Defendant in Orlando, Orange County, Florida.

6. Defendant is a Florida for profit corporation providing resort and/or commercial real estate management services, including but not limited to the location where Plaintiff was employed.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

9. Plaintiff was an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

## FACTS

11. Plaintiff was employed with Defendant from approximately June 2016 until July 26, 2021.

12. At the time of her unlawful termination, Plaintiff was employed as a Financial Applications Director for Defendant.

13. At all times material, Plaintiff performed well while working for the Defendant.

14. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to July 2021.

15. Plaintiff worked at least 1,250 hours for Defendant during the year immediately preceding July 2021.

16. At all times material, Plaintiff suffered from serious medical conditions for which she was undergoing treatment.

17. Plaintiff's physician recommended that she take FMLA due to the temporary worsening of her medical condition.

18. As such, on or around July 13, 2021, Plaintiff applied for FMLA leave pursuant to Defendant's policies and procedures.

19. On or around July 14, 2021, Plaintiff received confirmation from Defendant of her eligibility for FMLA leave.

20. Plaintiff was scheduled to commence her FMLA leave on July 23, 2021.

21. However, Defendant required Plaintiff to also request all accrued paid time off (PTO) for any unused sick and vacation time to be paid out while on FMLA leave.

22. Based upon Defendant's requirements and to allow additional notice to her supervisor who was out of the office on the date her initial request, Plaintiff moved the date she was to begin her FMLA leave to July 26, 2021.

23. Plaintiff was to be on FMLA leave from July 26, 2021 until October 10, 2021.

24. To prepare Defendant for her absence while on FMLA leave, Plaintiff provided her immediate supervisor, Garrett Sump, an itemized list of all outstanding matters.

25. Plaintiff also advised Mr. Stump of her previously submitted request for FMLA leave at that time.

26. Mr. Stump questioned whether Plaintiff's FMLA leave was approved and whether she had submitted all required paperwork to begin her FMLA leave.

27. At that time, Mr. Stump also scheduled a meeting with Plaintiff for July 23, 2021, which was the original date her FMLA leave was supposed to start.

28. At the July 23, 2021 meeting, Defendant terminated Plaintiff.

29. Plaintiff was told by Mr. Stump that her position was being "eliminated" and that day was her last date of employment with Defendant.

30. Defendant was aware that Plaintiff had timely and properly requested FMLA for her own medical condition.

31. Defendant was aware that Plaintiff's treating physician had submitted the necessary documentation for Defendant to process Plaintiff's request for FMLA leave.

32. Plaintiff was eligible for FMLA leave for her own medical condition.

33. Plaintiff was eligible for intermittent FMLA leave for her own medical condition.

34. Defendant did not properly advise Plaintiff of her rights under the FMLA.

35. Defendant interfered with Plaintiff's rights under the FMLA.

36. Prior to needing FMLA leave for her own medical condition, Plaintiff had no performance or discipline related issues while working for the Defendant.

37. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

38. Defendant's actions interfered with Plaintiff's rights under the FMLA.

39. Defendant retaliated against Plaintiff for attempting to engage in her rights under the FMLA.

## COUNT I
## INTERFERENCE UNDER THE FMLA

40. Plaintiff re-alleges and adopts the allegations of paragraphs 1-38 above as if fully set forth herein.

41. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

42. Defendant was Plaintiff's employer as defined by the FMLA.

43. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

44. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

45. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

46. Defendant's violations of the FMLA were willful.

47. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

48. Plaintiff re-alleges and adopts the allegations of paragraphs 1-39 above as if fully set forth herein.

49. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

50. Defendant was Plaintiff's employer as defined by the FMLA.

51. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

52. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

53. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

54. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

55. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

56. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

57. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

58. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59. Defendant's violations of the FMLA were willful.

60. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 25th day of February, 2022.

/s/ *Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-574-4999

Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

*Counsel for Plaintiff*